IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCISCO ZEPEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-1386-NJR |
| | ) |
| ROB JEFFREYS, DEE DEE BROOKHART, LORI CUNNINGHAM, VIPIN SHAH, LYNN PITTMAN, SARAH STOVER, and CARISSA LUKING, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Francisco Zepeda, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was at Lawrence Correctional Center. In the Complaint, Zepeda alleges Defendants were deliberately indifferent to his sleep apnea in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Zepeda makes the following allegations: Prior to entering IDOC custody, Zepeda was diagnosed with sleep apnea and prescribed a CPAP machine (Doc. 1, p. 3). Upon entering IDOC custody and arriving at Lawrence, he informed medical staff that he needed a CPAP machine for his medical condition. During the intake process, his blood pressure was also high, and he was placed in the blood pressure clinic to be evaluated (*Id.*). From the time of his intake in August 2018 through November 30, 2020, he suffered from high blood pressure readings (185/125, 186/101, 170/115, 198/100, 198/130), as well as headaches, dizziness, heart palpitations, swelling in his legs, and difficulty swallowing (*Id.* at pp. 3-4). On numerous occasions, he informed Vipin Shah, Sarah Stover, Lynn Pittman, and Carissa Luking of his prior diagnosis of sleep apnea and need for a CPAP machine (*Id.*). He also informed them that the CPAP was used to help control some of the symptoms he was experiencing (*Id.* at p. 3). Each defendant merely indicated that he would be referred for a sleep study or CPAP machine, but Zepeda never received the study. Zepeda's wife specifically spoke to Cunningham about his need for the CPAP machine and Cunningham stated she would look into it (*Id.* at pp. 3-4). Zepeda also sent a request to Cunningham on two occasions.

On September 18, 2019, Zepeda cracked a tooth and was in constant pain. Although the dentist sought to repair the tooth, he cancelled the procedure on seven

occasions, from October 10, 2019, to January 27, 2020, because Zepeda's blood pressure was too high to proceed with the procedure (*Id.* at p. 4).

On July 15, 2020, he learned from Pittman that Wexford approved the sleep study in January 2020, but the study was never scheduled. On September 1, 2020, he met Shah with a blood pressure reading of 160/120 (*Id.* at p. 4). Shah only ordered a thyroid panel and chest x-ray, which showed signs of congestive heart failure (*Id.*). Zepeda asked again for a CPAP machine but was ignored. On March 2, 2021, Zepeda finally had a sleep study which confirmed his sleep apnea. On April 23, 2021, he was fitted for a CPAP mask and finally received the machine on June 21, 2021 (*Id.* at p. 5). As a result of the prolonged delay, Zepeda now suffers from congestive heart failure (*Id.* at p. 6).

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Eighth Amendment deliberate indifference claim against Rob Jeffreys, Dee Brookhart, Lori Cunningham, Vipin Shah, Lynn Pittman, Sarah Stover, and Carissa Luking for delaying his sleep study and access to a CPAP machine.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the** *Twombly* **pleading standard**.[1]

At this stage, Zepeda states a claim against Lori Cunningham, Vipin Shah, Lynn Pittman, Sarah Stover, and Carissa Luking. Although he alleges that Jeffreys and Brookhart were also liable for contributing to his prolonged pain by delaying his medical treatment, he fails to allege any facts to suggest that they were aware of his need for a CPAP machine or that they denied him care. Thus, both Jeffreys and Brookhart are **DISMISSED without prejudice**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Lori Cunningham, Vipin Shah, Lynn Pittman, Sarah Stover, and Carissa Luking. Jeffreys and Brookhart are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Lori Cunningham, Vipin Shah, Lynn Pittman, Sarah Stover, and Carissa Luking: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Zepeda. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Zepeda, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. §1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Zepeda, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Zepeda is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  December 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**