IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCISCO ZEPEDA, #Y30997, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 22-cv-1386-RJD |
| LORI CUNNINGHAM, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants Luking, Pittman, and Shah's Motion for Extension of Time to Complete Discovery (Doc. 74), Defendant Cunningham's Motion to Join Co-Defendant's Motion for Extension of Time (Doc. 75) and Second Motion for Extension of Time to Complete Discovery (Doc. 78), and Plaintiff's Third Motion for Recruitment of Counsel (Doc. 76) and Motion for Leave to Proceed in Forma Pauperis (Doc. 77). Defendants' motions found at docket 74, 75, and 78 and Plaintiff's motion found at docket 76 are **GRANTED**. Plaintiff's motion found at docket 77 is **DENIED** as moot.

**Defendants Luking, Pittman, and Shah's Motion for Extension of Time to Complete Discovery (Doc. 74), Defendant Cunningham's Motion to Join Co-Defendant's Motion for Extension of Time (Doc. 75), and Second Motion for Extension of Time to Complete Discovery (Doc. 78)**

On March 27, 2024, Defendants Luking, Pittman, and Shah filed a motion seeking a thirty-day extension of time to respond to Plaintiff's written discovery requests, which motion was later joined by Defendant Cunningham. (Docs. 74 and 75). Plaintiff did not object to the Defendants' motions. Defendants have now renewed their motion seeking an extension of time up to and

including May 27, 2024, to respond to Plaintiff's written discovery requests. The Defendants represent that the extension is sought for good cause, and the extension will not affect the remaining deadlines set forth in the Scheduling Order. Defendants' motions found at docket 74, 75, and 78 are **GRANTED**. Defendants' responses to Plaintiff's written discovery requests are due on or before **May 27, 2024**.

**Plaintiff's Third Motion for Recruitment of Counsel (Doc. 76) and Motion for Leave to Proceed in Forma Pauperis (Doc. 77).**

The Court first addresses Plaintiff's Motion for Leave to Proceed in Forma Pauperis (**Doc. 77**). Plaintiff's first motion to proceed in forma pauperis was denied as moot because, at the time of its filing, the entire filing fee had already been paid. (Doc. 18). Plaintiff also filed two motions for recruitment of counsel, which were denied. The Court advised Plaintiff to attach the form Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs in any renewed motion in order to demonstrate his income and assets. (Doc. 73). Because Plaintiff filed this motion for leave to proceed in forma pauperis contemporaneously with his motion for recruitment of counsel, the Court construes the former as an affidavit in support of the latter. Thus, the Court **DENIES** as moot the motion to proceed in forma pauperis but will consider the allegations regarding Plaintiff's income and assets asserted therein in ruling on Plaintiff's motion for recruitment of counsel.

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). An individual may qualify as indigent for purposes of hiring an attorney even if he is able to afford the initial

filing fee so long as there is evidence of inability to afford counsel. *See Mokhtar v. Kerry*, 285 F. Supp. 3d 56, 58 (D.D.C. 2014). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Here, the Court finds that Plaintiff has sufficiently demonstrated that he is currently indigent, as well as that he made multiple attempts to obtain counsel on his own. (Doc. 76 at 6-9). Turning to the second prong of the test, the Plaintiff proceeds on a single Eighth Amendment claim of deliberate indifference to serious medical needs against several Defendants, and his claim has now advanced to discovery. The Seventh Circuit has noted that "[a]s the case moves beyond the pleading stage, into discovery, and closer to trial, plaintiffs in deliberate indifference cases "face an increasingly complex set of demands" in that they have to identify and present the right type of evidence to demonstrate defendants' state of mind. *McCaa v. Hamilton*, 893 F.3d 1027, 1032 (7th Cir. 2018) (citation and quotation marks omitted). Plaintiff has filed an affidavit in which he states that he is unable to represent himself due to the complexity of the legal issues involved in this dispute, his limited access to legal resources, and his lack of legal knowledge. (Doc. 76, 4-5). He further states that he is experiencing concentration and memory issues as a result of his blood pressure medication and that he prepared all prior filings with the assistance of "jailhouse lawyers" and other inmates who are no longer housed with him. (*Id.*). Despite not being raised in Plaintiff's motion, the Court also notes that Plaintiff has been transferred to a facility different from where the alleged constitutional violation occurred. As the Seventh Circuit has noted, "prisoner-plaintiffs

may face a significant obstacle to effective litigation when they are 'transferred to another facility after the events underlying [their] claims' took place.'" *McCaa*, 893 F.3d at 1033 (finding that the district court abused its discretion in denying the plaintiff inmate's third motion for recruitment of counsel in that the court did not specifically address whether prisoner remained competent to litigate his deliberate indifference claims on his own from a different location than one where underlying events occurred as the case proceeded into advanced-stage litigation) (quoting *Santiago v. Walls*, 599 F.3d 749, 762-63 (7th Cir. 2010)).

In light of the current posture of this case, the potential complexity of the medical issues, Plaintiff's attested concentration and memory issues, and his transfer to a different prison facility, the Court finds that the difficulty of this case may exceed Plaintiff's ability to "coherently present it to the judge or jury himself." *See* Pruitt, 503 F.3d at 655. Accordingly, Plaintiff's Third Motion for Recruitment of Counsel (Doc. 76) is **GRANTED**.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), Samuel Newman of the law firm Ogletree Deakins is **ASSIGNED** to represent Plaintiff Francisco Zepeda in this civil rights case. On or before **May 14, 2024**, assigned counsel shall enter his appearance in this case. Attorney Newman is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Newman. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[1] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if after the assignment counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be

---

[1] https://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.

reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

As of this date, Plaintiff's contact information is:

Francisco Zepeda
Y30997
PINCKNEYVILLE CORRECTIONAL CENTER
5835 State Route 154
PO Box 999
Pinckneyville, IL 62274

## Conclusion

For the reasons stated above, Defendants Luking, Pittman, and Shah's Motion for Extension of Time to Complete Discovery (Doc. 74), Defendant Cunningham's Motion to Join Co-Defendant's Motion for Extension of Time (Doc. 75), Defendants' Second Motion for Extension of Time to Complete Discovery (Doc. 78), and Plaintiff's Third Motion for Recruitment of Counsel (Doc. 76) are **GRANTED**. Samuel Newman of the law firm Ogletree Deakins is **ASSIGNED** to represent Plaintiff Francisco Zepeda in this civil rights case. On or before **May 14, 2024**, assigned counsel shall enter his appearance in this case. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Newman. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 77) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: April 30, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**