IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANCISCO ZEPEDA, #Y30997, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1386-RJD |
| | ) | |
| LORI CUNNINGHAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Amended Motion for Leave to file Amended Complaint (Doc. 95).

## Background

On June 28, 2022, Plaintiff Francisco Zepeda, an individual in custody with the Illinois Department of Corrections ("IDOC"), who was at all times relevant, incarcerated at Lawrence Correctional Center ("Lawrence"), filed his Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his Constitutional rights. (Doc. 1). On December 9, 2022, the Court entered its Merit Review Order, consolidating Plaintiff's allegations into a single claim against Defendants: Eighth Amendment deliberate indifference claim against Lori Cunningham, Lynn Pittman, Vipin Shah, M.D., Sara Stover, NP, and Carissa Luking, NP for delaying Plaintiff's sleep study and access to a CPAP machine. (Doc. 13, p. 3).

---

[1] This matter has been assigned to the undersigned through the parties' consent, to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 51)

In his Complaint, Zepeda alleges that, prior to entering IDOC custody, he was diagnosed with sleep apnea and prescribed a CPAP machine. (Doc. 1, p. 3). On August 16, 2018, Zepeda was transferred to Lawrence, where he alleges he informed medical staff of his need for a CPAP machine due to his medical condition. (*Id.*). Zepeda claims that from the time of his intake in August 2018 through November 30, 2020, he suffered from high blood pressure readings (185/125, 186/101, 170/115, 198/100, 198/130), as well as headaches, dizziness, heart palpitations, swelling in his legs, and difficulty swallowing. (*Id.* 3-4). He alleges that on numerous occasions during that timeframe, he informed Defendants Shah, Stover, Pittman, and Luking of his prior diagnosis of sleep apnea and need for a CPAP machine and that each Defendant merely indicated that he would be referred for a sleep study or a CPAP machine, but Zepeda never received the study. (*Id.*). Plaintiff further alleges that his wife specifically spoke to Lawrence Healthcare Unit Administrator, Defendant Cunningham, about his need for a CPAP machine, and Cunningham stated she would look into it. (*Id.*). Zepeda also contends he sent a request to Cunningham on two occasions regarding that matter. (*Id.*). He claims that he did not have a sleep study until March 2, 2021, and did not receive the CPAP until June 21, 2021. (*Id.*, p. 4). Plaintiff states in his Complaint that on July 30, 2020, he filed Grievance # 08-20-001, dated July 30, 2020 ("Grievance # 08-20-001") regarding this matter, thus exhausting all administrative remedies available to him. (Doc. 1, pp. 2-4, pp. 8-10).

Pursuant to the Court's Initial Scheduling Order (Doc. 55), motions to amend the complaint were due by June 5, 2023. (Doc. 55, p. 3). Plaintiff did not file a motion by that deadline. Following the filing of Defendants' respective motions for summary judgment on the issue of exhaustion of administrative remedies, on November 22, 2023, the Court entered an Order (Doc.

68) granting summary judgment as to Defendant Stover but denying summary judgment as to the remaining Defendants.[2]  Thereafter, the Court entered an order finding that the difficulty of this case exceeded Plaintiff's ability to coherently present it to the judge or jury himself and assigned Plaintiff a counsel. (Docs. 79 & 85).

Now pending before the Court is Plaintiff's Amended Motion for Leave to File Amended Complaint (Doc. 95). With the proposed Amended Complaint, which includes two counts, Plaintiff purports to make the following changes: to drop a named party (Defendant Lynn Pitman); add a count for violation of Title II of the Americans with Disabilities Act; and distill and clarify the factual allegations. (Docs. 95 & 95-1). Defendants filed a response opposing the addition of the ADA claim on the grounds of futility but raising no objection to the proposed amendments of Plaintiff's deliberate indifference claim. (Doc. 98, p. 3.).

## Discussion

**Legal Standard for Amended Complaints**

Amendments of pleadings are governed under Rule 15, which provides that a party may amend its pleadings after a responsive pleading has been served "only by leave of the court or by written consent of the adverse party." FED. R. CIV. P. 15(a); *Campania Mgmt. Co. v. Rooks, Pitts*

---

[2] In its Order (Doc. 68), the Court stated that it granted Defendant Stover's motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 68). However, the Court did not explicitly state in the Order that Defendant Stover was dismissed from the case without prejudice. *See Fluker v. Cnty. of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) ("We have held that dismissals under § 1997e(a) for failure to exhaust must be without prejudice . . . even if exhausting administrative remedies will prove to be impossible") (internal citation omitted). To clarify the record, the Court states that pursuant to its Order (Doc. 68), Defendant Stover was dismissed without prejudice. The Clerk is DIRECTED to terminate Defendant Stover and enter judgment accordingly at the close of the case.

*& Poust*, 290 F.3d 843, 848–49 (7th Cir. 2002).  While leave to amend should be given liberally, in their sound discretion, courts may deny a proposed amendment if the moving party has unduly delayed filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile.  *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Bethany Pharm. Co. v. QVC Inc.,* 241 F.3d 854, 861 (7th Cir.2001).  Furthermore, "[a] court reviewing a motion to amend the complaint filed after the expiration of the scheduling order deadline to amend pleadings must first consider whether the moving party has shown 'good cause' under Fed. R. Civ. P. 16(b)."  *Arellano v. Corp. Sec. Sols., Inc.*, No. 17-C-1189, 2020 WL 955604, at *1 (E.D. Wis. Feb. 27, 2020).

Here, Plaintiff's Amended Motion to Amend the Complaint (Doc. 95) was filed more than a year after the July 5, 2023, deadline for amendments but within a reasonable time from the assignment of Plaintiff's counsel.  (Doc. 55, p. 3).  Defendants oppose the motion only as to the ADA claim.  Neither the motion nor the response thereto addresses the issue of whether good cause exists to allow amendment of the Complaint at this stage.  Looking at the proposed amendments, the Court notes that the proposed Amended Complaint does not materially alter Plaintiff's factual allegations.  Rather, it distills and clarifies those allegations, simplifies the Section 1983 claim by dropping a party, and introduces an alternative legal theory.  Considering the nature of the proposed amendments and the assignment of Plaintiff's counsel, the Court finds there is good cause to allow amendment at this stage.  *See, e.g.*, *Haynes v. United States*, 237 F. Supp. 3d 816, 819 (C.D. Ill. 2017), *aff'd*, 936 F.3d 683 (7th Cir. 2019) (finding that freedom to amend a motion under 28 U.S.C. § 2255 that was originally filed by a pro se party "would always naturally follow the appointment of counsel").

**Section 1915A Review**

However, the Court's analysis does not end there because the proposed Amended Complaint is also subject to review under 28 U.S.C. § 1915A. Pursuant to Section 1915A, any portion of the proposed Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The Court will address each count in order.

> **Count I:** **42 U.S.C. § 1983 – Deliberate Indifference to a Serious Medical Need Against Defendants Cunningham, Shah, Stover, and Luking.**

In this Count, Plaintiff substantially restates the factual allegations set forth in the original complaint. The main two changes are that Plaintiff does not name Pittman as a Defendant and further sets forth specific dates he received treatment by the remaining Defendants. As set forth above, Defendants have no objection to the proposed amendments on this claim. The Court, however, takes issue with Plaintiff's attempt to reinstate this claim against Defendant Stover. On November 22, 2023, the Court entered an Order (Doc. 68) granting Defendant Stover summary judgment due to Plaintiff's failure to exhaust administrative remedies as to his deliberate indifference claim against her. (Doc. 68, pp. 12-15). Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit has long held that an inmate must complete the exhaustion process *before* filing a lawsuit in federal court. *See Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004); *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("[T]he PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable."). Because the

first count of the proposed Amended Complaint attempts to reinstate Plaintiff's Eighth Amendment claim for deliberate indifference against Defendant Stover, and because the Court has already determined that Plaintiff failed to exhaust his administrative remedies as to that claim, Plaintiff will be allowed to proceed on Count I of the proposed Amended Complaint only against Defendants Cunningham, Shah, and Luking.

> **Count II:** **42 U.S.C. § 12132– Violation of Title II of the Americans with Disabilities Act Against Defendants Cunningham, Shah, Stover, and Luking**

In Count II of the proposed Amended Complaint, Plaintiff attempts to add a claim against Defendants Shah, Stover, and Luking for Violation of Title II of the Americans with Disabilities Act ("ADA"). (Doc. 95-1). Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "public entity" as any state or local government or their instrumentalities, such as state agencies. 42 U.S.C. § 12131. The Seventh Circuit has consistently held that there is no personal liability under Title II of the ADA. *See Stanek v. St. Charles Cmty. Unit School Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995). Because Defendants do not qualify as a public entity for purposes of Title II of the ADA, this claim is DISMISSED without prejudice.

## Conclusion

Pursuant to Rule 15, and after review of the proposed Amended Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's Amended Motion for Leave to File Amended Complaint (Doc. 95) is

**GRANTED in part and DENIED in part**.  Plaintiff is **GRANTED** leave to file an amended complaint that includes the deliberate indifference claim he raised in Count I of the proposed Amended Complaint against Defendants Cunningham, Shah, and Luking.  However, Plaintiff is **DENIED** leave to amend his complaint to restate his deliberate indifference claim against Defendant Stover.  Further, Plaintiff is **DENIED** leave to amend his complaint to state an ADA claim against Defendants Cunningham, Shah, Luking, and Stover.  Plaintiff is **GRANTED** leave to renew his motion to amend the complaint to incorporate an ADA claim against a proper defendant by **January 28, 2025**.  The Clerk is **DIRECTED** to terminate Defendant Pittman and Defendant Stover and enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED: January 22, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**